STATE EX REL. SOMMER, Petitioner, vs. STAUFF, County
Judge, Defendant.*

*December 1—December 14, 1953.*

---

* Motion for rehearing denied, without costs, on January 29, 1954.

*Joseph F. Studnicka* of Milwaukee, for the petitioner.

*George E. Rice,* assistant corporation counsel, for the defendant Roy R. Stauff, county judge of Milwaukee county.

*Joseph F. Eckert* and *Paul L. Jaekels* for Angelica Girard, administratrix, and *Frederick Hersh,* guardian *ad litem* for minors, all of Milwaukee.

PER CURIAM.    The order attacked requires the surviving partner to show cause:

(1) Why an inventory previously filed by him should not be disallowed and stricken as not containing a true statement *of the value* of the assets of the partnership and as not containing a complete list of all partnership assets, particularly with respect to the omission of good will.

Obviously the petitioner considers that the only omission by the surviving partner was his failure to include in his inventory of assets the element of good will.

(2) Why he should not be required to file an inventory showing the *true value* thereof according to the recognized methods of establishing such value and listing all assets of the partnership including a reasonable value for good will.

Again the order does not suggest that the surviving partner had omitted anything from the inventory previously filed except the item of good will and discloses that what the petitioner wants is not a more complete statement of assets but an appraisal of their value higher than that stated in her inventory heretofore filed.

(3) Why he should not be restrained from prosecuting and continuing an action commenced by him in the circuit court for the enforcement of the partnership contract.

(4) Why he should not be required to file an account of the business of the partnership since the death of the decedent.

(5) Why he should not be required to pay the estate the true value of the interest of the deceased in the partnership business, including good will.

This is an obvious attempt to obtain enforcement of the partnership contract in the county court.

(6) Why, if the surviving partner should fail to comply with the foregoing, a receiver of the partnership assets should not be appointed with power to sell them as the court may order and distribute the proceeds.

We find nothing in the statutes which authorizes the county court to appoint a receiver of the assets of a partnership, one of whose members has died.

(7) Why the court should not make a declaratory judgment determining and declaring whether the partnership real estate is partnership property or owned by the partners as tenants in common.

The petition of the administratrix upon which the order to show cause is based discloses conclusively that she does not claim that the surviving partner omitted anything from the inventory except the item of good will and that such omission results in an estimate of the value of the partnership property made by the surviving partner which is too low. She makes the broad allegation that the inventory filed by him is not true, complete, and correct without any suggestion that he has failed to include in his inventory any of the partnership property except the item of good will.

What value the surviving partner placed upon the property is entirely immaterial. His duty under the statute which he had performed was to file with the court an inventory of the partnership assets. Sec. 312.02, Stats., requires such filing but contains no provision which suggests that the partner surviving include an appraisal of its value. What difference would the surviving partner's appraisal make? It would not be binding upon him nor upon the estate. The only appraisal with which the court is to be concerned is that which is made by officers appointed by the court for that purpose. When the surviving partner filed his inventory, and since it does not

appear that he omitted anything except an item for "good will," he complied with all of the provisions of the statute.

It is probably true that the court-appointed appraisers in their estimate of the value of the assets might include something for good will, but that would have nothing to do with the value of the property as it concerns the two partners. As it concerns them, its value must be determined by the terms of the partnership contract and that can be done only by a court which has jurisdiction to enforce the contract.

The petitioner contends that the county court is given jurisdiction to proceed as she requests by the provisions of sec. 253.03 (2), Stats.:

"The county court shall have concurrent jurisdiction to hear, try, and determine all matters and controversies which may arise between any personal representative, guardian, or trustee appointed by such court and any other person relating to title to or interest in real and personal property so far as such matter or controversy is incidental to and necessary for the complete administration of the estate, guardianship, or trust, and regardless of who has possession of the property or in whose name it may be, to the same extent and with like effect as such matters and controversies may be heard, tried, and determined in courts of general jurisdiction."

Certainly the statute cannot be construed so as to confer upon the county court jurisdiction to determine the matters which petitioner presents. The statute may be construed as conferring upon the county court jurisdiction to determine the title to the real estate owned by the partnership but we do not read the petition as disclosing any issue as to the title. Furthermore, at the time the order to show cause was issued an action had already been commenced in the circuit court to enforce the partnership agreement and if any question of title should have to be determined, it can be done in that action and in a court having at least concurrent jurisdiction. It cannot be questioned that the circuit court has jurisdiction to determine title and having acquired jurisdiction, it seems

that that issue, if there is one, can and should be determined there where all of the other matters may be disposed of. In other words, we do not read sec. 253.03 (2), Stats., as conferring exclusive jurisdiction to determine title upon the county court and since the circuit court has already assumed jurisdiction the matter should be left there.

As to the point that the surviving partner had by his appearance and filing his inventory consented to the exercise by the county court of jurisdiction to determine the matters presented by the petition, he filed his inventory under compulsion and by virtue of the power granted to the county court by the provisions of sec. 312.02, Stats. He did not appear generally and voluntarily so as to confer upon the county court jurisdiction to determine any and all issues which might be raised by the administratrix.

Temporary writ of prohibition issued herein on the 12th day of November, 1953, is made permanent.